NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1725

_____

RANI SEHWEIL,
                              Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200-399-585
(U.S. Immigration Judge: Honorable David Cheng)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2019

Before:  SHWARTZ, SCIRICA, and FUENTES, *Circuit Judges*.

(Filed: November 8, 2019)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Petitioner-Appellant Rani Sehweil seeks review of a decision by the Board of Immigration Appeals denying his application for a waiver of his conditional permanent resident status under section 216(c)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1186a(c)(4). He argues that the Board erred by finding that his first marriage to his ex-wife, a U.S. citizen, was not in good faith.

In addition, during the pendency of an appeal to the Board concerning the denial of his good-faith waiver, Sehweil married a second woman and sought to remand his case to immigration court for further proceedings on whether he entered this second marriage in good faith. The Board denied the motion, and Sehweil seeks review of this decision as well.

Although we lack jurisdiction to review the Board's denial of his application for a good-faith waiver, we possess jurisdiction to review the Board's decision on his remand motion. Because our review of the record indicates that Sehweil did not carry his burden of establishing with clear and convincing evidence that his second marriage was in good faith, we conclude that the Board did not abuse its discretion in denying his motion to remand.

## I.

Sehweil, a native and citizen of Israel, first entered the United States with a B-2 visitor visa in 2005.He married a U.S. citizen on June 17, 2009, and later adjusted to conditional permanent resident status. On June 18, 2013, Sehweil and his former wife divorced, and Sehweil then filed an application with the Department of Homeland

2

Security (DHS) seeking to remove the conditions on his permanent resident status by applying for a good-faith marriage waiver under 8 U.S.C. § 1186a(c)(4)(B). On review of Sehweil's application, DHS concluded that Sehweil had not carried his burden of proof in establishing that he had married for reasons other than to procure entry to the United States as an immigrant, and accordingly terminated his conditional status.

On June 13, 2017, DHS initiated removal proceedings against Sehweil by filing a Notice to Appear with the Newark Immigration Court. Sehweil, through counsel, conceded most of the allegations contained in the Notice to Appear—including that he was removable—but maintained that his first marriage was bona fide. After hearing Sehweil's testimony and reviewing the record, the immigration judge concluded that Sehweil did not enter into his first marriage in good faith, denied Sehweil's application for a waiver, and then ordered that Sehweil be removed to Israel. Sehweil appealed the denial of his waiver application to the Board, which on March 1, 2019, also concluded that Sehweil had not presented evidence sufficient to establish a good-faith marriage.

During the pendency of his appeal to the Board, Sehweil married another woman. On November 20, 2018, he filed a motion requesting that the Board remand his case to the immigration judge so that he could pursue adjustment of status based on his second marriage. In support of this motion, he provided a marriage certificate, a receipt indicating that his second spouse had filed a visa petition on his behalf, and the December 8, 2017 decision of the immigration judge. In the same decision denying his good-faith waiver, the Board also denied the motion to remand, holding that Sehweil did not establish with clear and convincing evidence that his second marriage was in good faith.

3

Sehweil now seeks review of the Board's denial of his waiver application, as well as the Board's denial of his motion to remand.

## II.

We begin with the statutory framework underlying Sehweil's application for a good-faith waiver of his conditional status. An alien who marries a U.S. citizen has conditional lawful permanent resident status for two years after admission to the United States, after which time the couple must file a joint request to remove the conditions. *See* 8 U.S.C. § 1186a(a)(1), (d)(2)(A). If the marriage between an alien and a U.S. citizen has ended, as was the case here, then the alien may ask the Secretary of Homeland Security to remove the conditional basis of the alien's permanent resident status by showing that "the qualifying marriage was entered into in good faith by the alien spouse." *Id.* § 1186a(c)(4)(B).

"[S]ection 1186a(c) explicitly assigns to the [Secretary of Homeland Security] the discretion to 'remove the conditional basis of the permanent status for an alien. . . .'" *Urena-Tavarez v. Ashcroft*, 367 F.3d 154, 159 (3d Cir. 2004) (citing 8 U.S.C. § 1186a(c)(4)).[1] As we have previously explained, section 1186a(c)(4) states that such a waiver "*may*" be granted, not that it "*shall*" be granted, "making clear that the waiver may not be granted even if the legal requirements [of a waiver] . . . are met." *Id.* at 160.

---

[1] Since our decision in *Urena-Tavarez*, section 1186a(c) has been amended so that waiver decisions fall to the Secretary of Homeland Security, as part of a grant of authority for adjustment decisions to the Secretary of Homeland Security and the Director of the Bureau of Citizenship and Immigration Services. *See* 6 U.S.C. §§ 271(b)(5), 557.

We lack jurisdiction to review discretionary waiver denials in the absence of a colorable legal or constitutional claim. *See id.* at 161 (observing that 8 U.S.C. § 1252(a)(2)(B)(ii) "explicitly disallows review of discretionary decisions in the context of removal proceedings"); 8 U.S.C. § 1252(a)(2)(D) (preserving jurisdiction for "constitutional claims or questions of law raised upon a petition for review"). Whatever the merits of Sehweil's arguments, they only relate to the Board's view of the evidence and do not raise any constitutional or legal issues over which we could exercise jurisdiction. We will therefore deny Sehweil's petition for review.

**III.**

We review the Board's denial of a motion to remand for abuse of discretion. *Huang v. Att'y Gen. of U.S.*, 620 F.3d 372, 390 (3d Cir. 2010). Under this standard, we will not disturb the Board's decision unless it was "arbitrary, irrational, or contrary to law." *Korytnyuk v. Ashcroft*, 396 F.3d 272, 293 (3d Cir. 2005) (citation and internal quotation marks omitted).

Under 8 U.S.C. § 1255(e), "an alien who is seeking to receive an immigrant visa on the basis of a marriage which was entered into during the period described in paragraph (2)"—i.e., during pending removal proceedings—"may not have the alien's status adjusted" unless "the alien establishes by and clear and convincing evidence to the satisfaction of the Attorney General that the marriage was entered into in good faith." 8 U.S.C. § 1255(e). An alien may meet this standard by showing that "the marriage was not entered into in order to evade the immigration laws of the United States," such as by presenting evidence of cohabitation. *See* 8 C.F.R. § 1245.1(c)(8)(v).

5

In support of his motion to remand, Sehweil submitted a marriage certificate as well as a filing receipt for a visa petition. The Board found that this evidence—which only indicated that Sehweil married again and that his new spouse had filed a petition on his behalf—did not address whether his marriage was bona fide. Because it was Sehweil's burden to present clear and convincing evidence that his second marriage was bona fide, we cannot conclude that the Board abused its discretion in denying Sehweil's motion to remand.

## IV.

For the foregoing reasons, we will dismiss Sehweil's petition for review of the denial of a good-faith waiver, and will deny the petition to review the Board's denial of his motion to remand.[2]

---

[2] We will also deny Sehweil's motion to dismiss and remand. The status of his current spouse's petition was approved, and his assertion that he is eligible for adjustment of status based upon that approval does not impact our lack of jurisdiction to review the denial of Sehweil's application for a good-faith waiver or the fact that the Board acted within its discretion in denying the motion to remand.